Filed 6/28/24  P. v. Valadez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>NICHOLAS VALADEZ,<br><br>Defendant and Appellant. | C098790<br><br>(Super. Ct. No. 17FE012231) |

Defendant Nicholas Valadez was originally charged with murder but pled no contest to voluntary manslaughter in 2019.  He appeals from the trial court's order denying his petition for resentencing under Penal Code section 1172.6.[1]  He argues he is entitled to relief because he could have been convicted of murder under a theory of imputed malice even though he was convicted (entered his plea) after Senate Bill

---

[1]     Undesignated statutory references are to the Penal Code.  Effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6 without substantive change.  (Stats. 2022, ch. 58, § 10.)  We refer to section 1172.6 throughout this opinion.

1

No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437) went into effect and amended the murder statutes to eliminate imputed malice theories. We affirm the order of denial.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2016, police officers found a man who had been shot dead inside a residence that contained over 800 marijuana plants. The victim also had other injuries to his face and hands, suggesting he had struggled with his assailant. Defendant later admitted to police he was there when the victim was killed.

In 2017, defendant was charged with murder while armed with a firearm. It was further alleged that the murder was committed during a burglary.

In January 2019, defendant pled no contest to voluntary manslaughter as part of a resolution of this case and two others not at issue here. During the plea hearing, both the prosecutor and defense counsel acknowledged that defendant had not actually killed the victim, but he had been involved in the burglary that led to the victim's death. Discussing the recent changes to the homicide laws by Senate Bill 1437, the prosecutor noted that, "Prior to the change in the Felony Murder Law this case would have been otherwise, in my view, a relatively straightforward felony murder. . . . [H]owever, in light of the Legislature's change in felony murder, I think the issue about whether or not he acted with reckless disregard for human life is a triable issue," and therefore it was in the interest of justice to enter into the plea deal.

The trial court sentenced defendant to prison for a total of 28 years 8 months, including two years for the voluntary manslaughter.

In June 2022, defendant filed a petition for resentencing under section 1172.6. Counsel was appointed, and the prosecution filed a brief arguing defendant was ineligible for relief because he entered his plea after Senate Bill 1437 went into effect. Defendant filed a reply arguing it was not until 2021, or two years after his plea, that manslaughter came within the scope of section 1172.6.

2

In April 2023, the trial court issued a tentative ruling denying defendant's petition, finding defendant ineligible for relief because he was convicted (meaning when he entered the plea) after Senate Bill 1437 went into effect. As such, the law's changes to felony murder and the natural and probable consequences theory had gone into effect and applied to defendant's case. Because defendant was "convicted under the law as it stands today," he was convicted under a currently valid theory of manslaughter.

The trial court held a hearing later that month and entered an order adopting its tentative ruling of denial. Defendant timely appealed.

## DISCUSSION

1. Legal Background

Senate Bill 1437, which became effective on January 1, 2019, "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The legislation amended sections 188 and 189 and added section 1172.6, which enables those defendants who could not be convicted under the amended law to apply for retroactive resentencing relief. (*People v. Lewis* (2021) 11 Cal.5th 952, 957.)

Some appellate courts initially interpreted section 1172.6 to limit resentencing to those who had been convicted of murder, meaning those convicted of attempted murder or manslaughter were ineligible for relief. (See, e.g., *People v. Cervantes* (2020) 44 Cal.App.5th 884, 887; *People v. Flores* (2020) 44 Cal.App.5th 985, 992-994.) In October 2021, the Legislature responded by passing Senate Bill No. 775 (2021-2022 Reg. Sess.), which "[c]larifies that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories." (Stats. 2021, ch. 551, § 1, subd. (a).)

3

Section 1172.6 specifies that a person convicted of manslaughter must meet the following three conditions to seek resentencing: "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder. [¶] [and] (3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019 [by Senate Bill 1437]." (§ 1172.6, subd. (a).)

   2. Analysis

Pointing to the first condition under section 1172.6, subdivision (a), defendant argues he is eligible for resentencing because the statute merely requires that, when the information was filed, the prosecution could have proceeded under a theory of felony murder, murder under the natural and probable consequences doctrine, or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine. In other words, defendant argues that section 1172.6 does not require "the prosecutor could have *still* proceeded under a now unlawful theory of murder at the time the petitioner entered his plea."

Defendant's argument ignores the third condition under section 1172.6: "in order to be resentenced, a petitioner must allege that he could not presently be convicted of murder (or its attempt) 'because of changes' brought by Senate Bill No. 1437." (*People v. Reyes* (2023) 97 Cal.App.5th 292, 298.) In *Reyes*, the defendant was charged with murder in 2020 and pled no contest to murder in 2021. (*Id*. at p. 296.) The court

4

concluded that the defendant could not satisfy section 1172.6's third condition because, at the time of his plea, he was not facing broader liability for murder than that allowed following the passage of Senate Bill 1437. (*Ibid.*)

Here, as in *Reyes*, because defendant pled no contest to voluntary manslaughter *after* Senate Bill 1437 amended sections 188 and 189 and eliminated the imputed malice theories, the prosecution could not have proceeded under a now invalid theory of murder.[2] We note that the parties were well aware of Senate Bill 1437's recent amendments to sections 188 and 189 and their impact on the case, as indicated by the prosecutor's reference during the plea hearing to the recent changes to the felony murder law. Given that defendant has already received the benefits of Senate Bill 1437, he is ineligible for relief under section 1172.6.

---

[2]    Citing *People v. Strong* (2022) 13 Cal.5th 698 and *People v. Jones* (2022) 86 Cal.App.5th 1076, defendant argues there have been changes to how courts have interpreted the felony murder requirements of being a major participant who acts with reckless disregard for life that make him eligible for relief. However, as explained, section 1172.6 makes clear that it limits relief to those who could not be presently convicted of murder or attempted murder "because of changes to Section 188 or 189 made effective January 1, 2019." While the " 'because of' language does not require a showing that a claim to relief under Senate Bill 1437 arises from *no other* cause"—only a showing that they are a "*a* cause" (*Strong,* at p. 712)—the circumstances here are different than those in *Strong*. In this case, Valadez entered a plea after Senate Bill 1437 took effect; in *Strong*, the defendant was convicted well before its adoption. (*Id.* at p. 704.) For that reason, in *Strong*, unlike here, " 'the alleged inability to obtain . . . a conviction' [citations] depend[ed] in the first instance on the changes in murder liability for which Senate Bill 1437 is responsible." (*Id.* at p. 711.)

**DISPOSITION**

The trial court's order denying defendant's petition for resentencing is affirmed.

/s/
MESIWALA, J.

We concur:

/s/
MAURO, Acting P. J.

/s/
FEINBERG, J.

6